UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALINA IGNATYEV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>　　　　Defendant. | No. 2:16-cv-2579-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 17. For the reasons discussed below, plaintiff's motion is granted and the Commissioner's motion is denied. The matter is remanded for further proceedings.

/////
/////
/////
/////
/////

I.  Background

On October 22, 2012, plaintiff filed applications for DIB and SSI, alleging that she had been disabled since June 1, 2012. Administrative Record ("AR") at 101-04; 597-507. Plaintiff's application was denied initially (*id.* at 65-65D) and upon reconsideration by the Commissioner (*id.* at 66-71). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 72-73), and a hearing was held on September 11, 2014 before ALJ Carol Eckersen. *Id.* at 531. Plaintiff was represented by an attorney at this hearing. *Id.* at 531-75. Plaintiff testified at the hearing, as did a vocational expert. *Id.*

The ALJ issued a decision on February 27, 2015 and found that, based on the DIB application, plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 30.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential

The ALJ also found that, based on the SSI application, plaintiff was not disabled under section 1614(a)(3)(A) of the Act. *Id.* She made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

   * * *

2. The claimant has not engaged in substantial gainful activity since June 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

   * * *

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and bilateral carpal tunnel syndrome, status post bilateral carpal tunnel release surgery (20 CFR 404.1520(c) and 416.920(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with additional postural limitations restricting her to no more than occasional climbing of ramps and chairs with no climbing of ladders, ropes or scaffolds, and occasional crawling, crouching, kneeling and stooping, and manipulative limitations restricting her to no more than frequent handling and fingering with her right upper extremity.

   * * *

6. The claimant is capable of performing past relevant work as a EKG technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

   ***

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2012, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 15-30.

---

evaluation process proceeds to step five. *Id.*

3

1    Plaintiff's request for Appeals Council review was denied on August 2, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 6-9.

## II. Legal Standards of Review

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. Analysis

Plaintiff argues that: (1) this case should be remanded for additional administrative proceedings so that the Commissioner can consider an MRI that was taken after the ALJ issued her decision; (2) that the ALJ erred in failing to account for claimant's mental impairments in the residual functional capacity; (3) that the ALJ improperly discounted the opinions of Dr. Palatnik and family nurse practitioner Makovey; and (4) that the ALJ improperly discounted plaintiff's

/////
/////
/////

testimony regarding her pain symptoms. As discussed below, the court finds merit in plaintiff's fourth argument and remands this matter for further administrative proceedings.[2]

### A. Relevant Legal Standards

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. *See id.* at 345-347. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan*, 169 F.3d at 599. Finally, it must be noted that, while the ALJ should begin by considering the objective medical evidence, she "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell*, 947 F.2d at 345.

/////

---

[2] Given this finding, the court declines to address plaintiff's remaining arguments.

5

B. Background

Plaintiff testified that she had pain in her thoracic spine, headaches connected to blood pressure, chest pain, and a carpal tunnel condition that had not improved with treatment. AR at 556-57. She also testified that she had "constant stiffness" in her lumbar spine, so much so that it was difficult to turn onto her side at night. *Id.* at 559. Finally, she testified that she had recently (and in the past) experienced "very intense" pain in her left leg and back. *Id.* at 561. Based on her history of carpal tunnel, plaintiff testified that she had difficulty performing home tasks that involved using her hands. *Id.*

The ALJ discounted plaintiff's testimony regarding pain, stating:

> The claimant's medically determinable impairments could reasonably be expected to cause some of the claimant's alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. The claimant's history of physical examinations are mostly benign and disproportionate to the chronicity, intensity and frequency of pain that she contends. The claimant's reports that she does virtually no household chores or very little physical activity is not consistent with lack of positive objective findings upon her examination history. Despite the claimant's complaints of debilitating pain, there have been few corresponding signs of tenderness on examination.

*Id.* at 28.

C. Argument

The ALJ has failed to offer sufficient reasons for discounting plaintiff's subjective testimony regarding her pain. She cited the discrepancy between plaintiff's treatment records and her complaints but did not, as was required, explicitly address any other factors in her decision. *See Bunnell*, 947 F.2d at 345; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence . . ."); 20 C.F.R. § 404.1529(c)(2) ("However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). In her cross-motion, the Commissioner argues that the ALJ *did* provide additional reasons for discounting plaintiff's

testimony, namely that plaintiff's testimony regarding her daily activities was inconsistent with her assertions of disabling pain. ECF No. 17 at 15. The Commissioner points to treatment records which state that medication "enables [plaintiff] to perform activities of daily life easier." AR at 408, 428. This argument is simply a restatement of the ALJ's finding that plaintiff's treatment records were inconsistent with her subjective pain testimony. It is far from obvious that this finding is actually inconsistent with plaintiff's testimony. Axiomatically, "easier" is not the same as "easy." It might well be that the beneficial effects of medication simply transform impossible tasks into difficult ones. The records cited by the Commissioner are silent on this point and the court declines to make inferences, favorable or unfavorable. In any event, the ALJ did not cite these records in her determination and, thus, they cannot save the inadequately supported decision to discount plaintiff's subjective testimony. *See Hernandez v. Colvin*, 2014 U.S. Dist. LEXIS 5411, 2014 WL 185742, at *3 (C.D. Cal. Jan. 15, 2014) ("Whether accurate or inaccurate, the 'reasons' gleaned by [the Commissioner] but not specifically and expressly stated by the ALJ as the reason(s) for the credibility determination cannot properly form the basis for a judicial affirmance of the credibility determination.").

The error in this case cannot be considered harmless. Where some of an ALJ's reasons for an adverse credibility determination are legally insufficient, the Court must consider whether the reliance on invalid reasons was a harmless error. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2003) (applying a harmless error standard where the credibility finding was invalid). The Ninth Circuit stated that, "[s]o long as there remains 'substantial evidence supporting the ALJ's conclusion's on credibility' and the error 'does not negate the validity of the ALJ's ultimate credibility conclusion,' such [error] is deemed harmless." *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Batson*, 359 F.3d at 1197). Here, there were no other explicit reasons supporting the adverse determination.

The only remaining question is whether to remand for additional administrative proceedings or the award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*,

7

812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting plaintiff's subjective testimony in this instance does not compel a finding that she is *unable* do so. Additionally, the potential generation of additional medical evidence in the intervening years may prove enlightening. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (additional proceedings have utility where "there is a need to resolve conflicts and ambiguities, . . . or the presentation of further evidence . . . may well prove enlightening in light of the passage of time.") (internal quotations and quotation marks omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is denied;

3. This matter is remanded for additional administrative proceedings; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE